IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00210-BNB

ANTOINE BRUCE,

      Plaintiff,

v.

JENNIFER COULTER,
FMU ONEAL,
RICHARD MADISON,
DARREN FOSTER,
S. CEDERO,
J. KASPRZYCKI,
DAVID BERKEBILE,
J. SNIDER,
KAITLIN TURNER,
PATRICIA RANGEL,
JOSEPH ZONNO,
JANINE McCARTHY,
S. KUTA,
A. OSAGIE,
G. SANDUSKY, and
JOHN DOES 1-13,

      Defendants.

---

## ORDER TO AMEND

---

      Plaintiff, Antoine Bruce, is a prisoner in the custody of the Bureau of Prisons and is currently incarcerated at ADX in Florence, Colorado. Plaintiff initiated this action on January 24, 2014, by filing a Prisoner Complaint *pro se*. The Court granted leave to proceed pursuant to 28 U.S.C. § 1915 on January 25, 2014.

      The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as

an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Plaintiff will be ordered to

amend this action for the following reasons.

Repetitious litigation of virtually identical causes of action may be dismissed as

frivolous or malicious.  *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per

curiam); *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975) (per curiam).  The

Court may consult its own records to determine whether a pleading repeats pending or

previously litigated claims.  *See Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972).  It

appears Plaintiff makes the identical allegations in another case that he has initiated in

this Court.  *See Bruce v. Dotson, et al.*, No. 13-cv-02597-BNB (D. Colo. filed Sept. 20,

2013).  Nine of the fifteen named defendants listed in this action are named in Case No.

13-cv-02597-BNB.  It appears that the claims asserted in the instant action in part are

repetitive of Plaintiff's claims in Case No. 13-cv-02597-BNB.

The Court also finds that the Complaint, like the compliant in Case No. 13-cv-

02597-BNB, improperly combines a number of separate and unrelated claims against

various defendants into one action.  Pursuant to Rule 18(a) of the Federal Rules of Civil

Procedure, "[a] party asserting a claim . . . may join, as independent or alternative

claims, as many claims as it has against an opposing party."  However, the issue of

whether multiple defendants may be joined in a single action is governed by Rule

20(a)(2) of the Federal Rules of Civil Procedure, which provides:

(2) ***Defendants***.  Persons . . . may be joined in one action as
defendants if:

(A) any right to relief is asserted against them
jointly, severally, or in the alternative with

2

> respect to or arising out of the same
> transaction, occurrence, or series of
> transactions or occurrences; and
>
> (B) any question of law or fact common to all
> defendants will arise in the action.

Fed. R. Civ. P. 20(a).

Requiring adherence in prisoner suits to the federal rules regarding joinder of

parties and claims prevents "the sort of morass [a multiple claim, multiple defendant]

suit produce[s]." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). However,

"[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21.

The Court may dismiss improper parties. *See id.* Nonetheless, the Court will refrain

from dismissing improper parties at this time because Plaintiff must determine which

claims he desires to pursue in this action. Plaintiff, therefore, is directed to amend his

Complaint in keeping with the joinder requirements of the Federal Rules of Civil

Procedure.

Also, Plaintiff's complaint must give the opposing parties fair notice of the basis

for the claims against them so that they may respond and to allow the Court to conclude

that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d

1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to

meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.

Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a)

provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

3

the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." Id.

Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff also must assert personal participation by each named defendant in the

4

alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint that does not include identical allegations from another case and is consistent with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will proceed to address the merits of only the claims that are properly before this Court.

DATED February 3, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge