IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00210-BNB

ANTOINE BRUCE,

    Plaintiff,

v.

JENNIFER COULTER,
FMU ONEAL,
RICHARD MADISON,
DARREN FOSTER,
S. CEDERO,
J. KASPRZYCKI,
DAVID BERKEBILE,
J. SNIDER,
KAITLIN TURNER,
PATRICIA RANGEL,
JOSEPH ZONNO,
JANINE McCARTHY,
S. KUTA,
A. OSAGIE,
G. SANDUSKY, and
JOHN DOES 1-13,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Antoine Bruce, is in the custody of the Federal Bureau of Prisons at ADX in Florence, Colorado. On January 24, 2014, Plaintiff, initiated this action by filing *pro se* a Prisoner Complaint. Magistrate Judge Boyd N. Boland granted Plaintiff leave to proceed pursuant to 28 U.S.C. § 1915 and entered an order on February 3, 2014, that directed him to amend the complaint and cure several deficiencies.

    Magistrate Judge Boland found the Complaint was deficient as follows. First,

Plaintiff asserts identical allegations to claims he raised in *Bruce v. Dotson, et al.*, No. 13-cv-02597-LTB (D. Colo. Feb. 6, 2014) (voluntary dismissal after the Court identified the repetitious litigation in this action), and combines, as he did in No. 13-cv-02597-LTB, a number of separate and unrelated claims against various defendants. Magistrate Judge Boland also found that Plaintiff failed to present his claims clearly and concisely as required under Fed. R. C.iv. P. 8 and that he failed to explain what each defendant did to cause him harm and violate his legal rights. Magistrate Judge Boland directed Plaintiff to file an Amended Complaint that does not include identical allegations from another case and is consistent with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure.

Plaintiff then filed a motion, ECF No. 7, on February 12, 2014, requesting that the Court direct Defendants Cedeno, Turner, Berkebile, Rangel, and Synsvoll to refrain from purposely hindering or obstructing him from filing an Amended Complaint. Magistrate Judge Boland denied the motion because Plaintiff failed to assert any purposeful hindering or obstruction by Defendants, especially since he had been able to proceed in this action, and he does not assert a denial of complaint forms or filing instructions by prison staff. Feb. 21, 2014 Order, ECF No. 8.

Subsequent to Magistrate Judge Boland's denial of the February 12 Motion, Plaintiff filed a notice and motion for extension of time, ECF No. 9, claiming he had been denied complaint forms and needed an extension of time to obtain the forms and amend the Complaint. As a result of the February 12 Motion, Magistrate Judge Boland entered a minute order, ECF No. 10, on March 5, 2014, directing Defendant Berkebile to respond within seven days and state if and why Plaintiff's request for a prisoner complaint form was denied and to immediately provide Plaintiff with a form. Magistrate

Judge Boland gave Plaintiff thirty days from the date he received the form to file an Amended Complaint and warned that if he failed to submit an Amended Complaint within the time allowed the action would be dismissed.

The United States Attorney responded to the Court's March 5, 2014 Minute Order on behalf of Defendants. ECF No. 12. Attached to the Response are two declarations, one provided by Ms. Amelia Weise and the other by Mr. Ben Brieschke. Resp., ECF No. 12-1 and 2, Exs. 1 and 2. Ms. Weise states that she is a legal assistant at the United States Department of Justice, Federal Bureau of Prisons, in Florence, Colorado. She further attests that she mailed several court forms to Plaintiff on January 30, 2014, including: (1) a 28 U.S.C. § 2241 form and instructions; (2) a prisoner complaint form and instructions; (3) a 28 U.S.C. § 1915 motion and affidavit form; and (4) a 28 U.S.C. § 1915 motion and affidavit form for appeal of a habeas action. Ms. Weise also attests that she received a written request on February 10, 2014, authored by Plaintiff, wherein he states "[r]eceived the forms! 2241's, Bivens, court instructions." *See* Ex. 1 at 3 and 6. Then, on February 24, 2014, after Plaintiff complained that he had not received the forms, Ms. Weise attests that she sent more forms electronically to the duty Lieutenant for delivery to Plaintiff. *Id.* at 3.

Mr. Brieschke states that he is a Senior Attorney Advisor at the United States Department of Justice, Federal Bureau of Prisons, in Florence, Colorado. Mr. Brieschke attests that on March 11, 2014, pursuant to the Court's March 5, 2014 Order, he personally delivered one prisoner complaint form and instructions for filling a prison complaint form to Plaintiff. Ex. 2 at 3. Since Plaintiff received the prisoner complaint form on March 11, 2014, he now has failed to submit an Amended Complaint to the Court within the time allowed.

The Court agrees with Magistrate Judge Boland that Plaintiff fails to comply with Rule 8 and the joinder requirements of the Federal Rules of Civil Procedure. The Court also acknowledges Plaintiff's alleged disabilities. But Plaintiff's disabilities may not excuse frivolous filings or untrue allegations. Plaintiff complained to this Court that prison staff was denying his requests for or access to complaint forms, which he needs to file an Amended Complaint in this case. Upon further inquiry by Magistrate Judge Boland, it was determined that Plaintiff had been provided forms on several occasions and even acknowledged the receipt of the forms.

On April 21, 2014, Plaintiff filed a Motion, ECF No. 13, requesting that the Court stop Defendant Berkebile from allowing prison staff to retaliate against him. The seven-page Motion, signed on April 16, 2014, is a narrative of alleged incidents that have taken place since October 2013, including sexual assault; discarding of legal documents and informal resolution forms; confiscation of personal property for five days starting on March 28, 2014; deliberate indifference to medical needs; and weight loss. Plaintiff also asserts in the Motion that he does not know the status of this action and did not receive the March 5, 2014 Minute Order until April 15, 2014. Mot. at 1. He further asserts that he sent several requests to Defendants for a copy of the docket in this case and for Court-approved prisoner complaint forms so he could follow the Court's February 3 and March 5, 2014 court orders, but Defendants refused to fulfil the requests. Mot. at 2.

Plaintiff's claims are not credible. First, the copy of Plaintiff's correspondence with the prison legal department dated February 2, 2014, belies Plaintiff's assertion that he was not able to obtain prisoner complaint forms. Resp., ECF No.12-1, Ex. 1 at 6. At the time Plaintiff was directed to amend, February 3, 2014, he had just confirmed receipt of prisoner complaint forms. *Id.* The Court also finds that the Motion for

4

Extension of Time, ECF No. 9, filed on March 4, 2014, was filed with malicious intent because Plaintiff had received the necessary forms as stated above.

Even if Plaintiff does not know the status of the case, as he alleges, or is not aware of Defendants' Response that includes documentation that he indeed received prisoner complaint forms, he had access to prisoner complaint forms and was able to comply with the February 3, 2014 Order. Also, on February 6, 2014, Plaintiff submitted a complaint to the United States District Court for the District of Kansas that asserts claims similar to the claims Plaintiff raises in this action and names for the most part the same Defendants, except Plaintiff includes defendants located at the BOP Regional Office in Kansas City, Kansas. *See Bruce v. Denney, et al.*, No. 14-cv-03026-SAC (D. Kan. Apr. 2, 2014). The District of Kansas dismissed the action for failure to satisfy filing fee prerequisites and to comply with a court order and show cause why the action should not be dismissed as frivolous.

Plaintiff is engaging in abusive litigation. He initiated an action in the District of Kansas that is repetitive, and he has asserted false allegations to this Court in this action. This Court does not tolerate the abuse of the federal court system. Plaintiff is warned that if he submits false allegations in any future action in this Court he will be subject to filing restrictions. Based on the above findings, the Court will dismiss this action with prejudice for failure to comply with a Court order to file an Amended Complaint and as malicious.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma paupers* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $505 appellate filing fee or file a

motion to proceed *in forma pampers* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i) for failure to file an Amended Complaint and for failure to prosecute.

FURTHER ORDERED that leave to proceed *in forma pampers* on appeal is denied.

DATED at Denver, Colorado, this  23rd  day of    April           , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court